IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES N. SARGENT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RANDY IRWIN, ET AL. | : | NO. 25-1119 |

# **ORDER**

**AND NOW**, this 21st day of August, 2025, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docket No. 1), and Petitioner's state court criminal docket, and after review of United States Magistrate Judge José Raúl Arteaga's Report and Recommendation (Docket No. 8), and consideration of Petitioner's Objections to the Report and Recommendation (Docket No. 11), **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections are **OVERRULED**.[1]

---

[1] Petitioner Charles N. Sargent was convicted of first-degree murder by a jury in the Philadelphia County Court of Common Pleas on March 6, 2018, and was thereafter sentenced to life without the possibility of parole. After failing to get his conviction reversed on direct appeal, Sargent filed an October 3, 2023 petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546. On February 20, 2025, while his PCRA petition was still pending, Sargent filed the instant habeas petition pursuant to 28 U.S.C. § 2254. In his Report and Recommendation ("R&R"), Magistrate Judge Arteaga recommends that we dismiss the petition without prejudice because Sargent has failed to exhaust his state court remedies. Sargent filed objections to the R&R on July 16, 2025. In reviewing the R&R, we "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1).

Sargent asserts in his Objections that he did not consent to Magistrate Judge Arteaga's involvement in this case, and he contends that the Magistrate Judge lacked jurisdiction to issue the R&R. We have jurisdiction to entertain applications for state habeas relief pursuant to 28 U.S.C. § 2254. Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001) (quoting 28 U.S.C. § 2254(a)). Moreover, 28 U.S.C. § 636(b)(1)(B) statutorily empowers us to "designate a matter to a magistrate judge . . . [to] make . . . recommendations on the disposition of applications for post-trial relief made by individuals convicted of criminal offenses." Henry v. Smith, Civ. A. No. 16-5010, 2017 WL 2957819, at *3 (E.D. Pa. July 10, 2017) (citing 28 U.S.C. § 636(b)(1)(B)); see also Rule 8(b), Rules Governing 28 U.S.C. § 2254 Cases ("A judge may, under 28 U.S.C. § 636(b), refer the [§

2.          The Report and Recommendation is **APPROVED** and **ADOPTED**.

3.          The Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice.

4.          There is not probable cause to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

                                           BY THE COURT:
                                           /s/ John R. Padova, J.

                                           John R. Padova, J.

---

2254] petition to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition."). There is no requirement that we obtain a petitioner's consent before making such a referral. Henry, 2017 WL 2957819, at *3 (rejecting argument that the district court should have obtained petitioner's consent before referring § 2254 petition to magistrate judge for review). Consequently, Sargent's challenge to Magistrate Judge Arteaga's jurisdiction to issue the R&R is meritless.

      Notably, Petitioner does not otherwise challenge the Magistrate Judge's recommendation that he has failed to exhaust his state court remedies. It is well-established that "[a] federal court may not grant a writ of habeas corpus under § 2254 unless the petitioner has 'exhausted the remedies available in the courts of the State.'" Leyva v. Williams, 504 F.3d 357, 365 (3d Cir. 2007) (quoting 28 U.S.C. § 2254(b)(1)(A)). This means that the "petitioner must fairly present all federal claims to the highest state court before bringing them in federal court" so as to "ensure[] that state courts have an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Id. (quotations omitted).

      Here, Magistrate Judge Arteaga observed in his R&R that Sargent's PCRA petition was still pending before the PCRA court. See R&R at 5-6 n.7. The state court docket now reflects that the PCRA court has since dismissed the petition and that Sargent, on August 13, 2025, appealed that dismissal to the Pennsylvania Superior Court. Commonwealth v. Sargent, No. CP-51-CR-0011441-2014 (Phila Cnty. Ct. Comm. Pl.), Crim. Dkt. at 26. Nevertheless, any claims in that petition remain unexhausted until Sargent is denied relief by a final order from either the Pennsylvania Superior Court or the Pennsylvania Supreme Court. See Wenger v. Frank, 266 F.3d 318, 224-25 (3d Cir. 2001).

      For the above reasons, we overrule Petitioner's jurisdictional objection to the R&R, and we approve and adopt the Magistrate Judge's recommendation that we dismiss Sargent's habeas petition without prejudice pending his exhaustion of state court remedies for any claims he seeks to bring in this court.